IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              Civ. No. 18-782 RB/KK

$145,000.00 IN U.S. CURRENCY,

    Defendant-in-rem.

RICARDO ORTEGA-CHAVEZ,

    Claimant.

## ORDER DENYING REQUEST FOR STAY OF DISCOVERY

THIS MATTER is before the Court on Claimant Ricardo Ortega-Chavez's Request for Stay of Discovery ("Request"), filed March 8, 2019. (Doc. 17.) The Court, having reviewed the parties' briefs, the record, and the relevant law and being otherwise fully advised, FINDS that Claimant's Request is not well taken and should be DENIED.

In his Request, Claimant seeks a stay of discovery on the basis that "the parties do not need discovery to litigate [his] motion to suppress," which Claimant filed with the Request on March 8, 2019. (*Id.* at 2.) Claimant further argues that the Government's Special Interrogatories Nos. 2 through 22 "go beyond the permitted scope" of special interrogatories under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (*Id.* at 11.) Finally, Claimant argues that requiring him to "provide personal information" in response to the special interrogatories would "amount to an additional intrusion of privacy, and an additional search and seizure without probable cause." (*Id.*)

1

Claimant did not timely object to the special interrogatories, nor has he shown good cause for his failure to do so. *See* Supp. R. G(6)(b) (claimant must serve objections to special interrogatories within 21 days of service); (Doc. 19 at 1-2, 8) (Government served special interrogatories on Claimant by mail on December 26, 2018; as of March 21, 2019, Claimant had not served responses or objections). The Court therefore finds that Claimant has waived any objections to the special interrogatories, including the objections that they are unnecessary to resolve his motion to suppress, exceed the scope of Supplemental Rule G, and amount to an intrusion of privacy or search and seizure without probable cause. *In re Chevron Corp.*, No. CIV. 10-MC-21-JCH/LFG, 2010 WL 8786279, at *4 (D.N.M. Sept. 1, 2010), *objections overruled*, No. 10-MC-21-JCH/LFG, 2010 WL 8786202 (D.N.M. Sept. 13, 2010) ("A party failing to assert objections to a discovery request in a timely and adequate fashion waives the right to bring those objections, even if the objections would have been sustained had they been brought correctly."); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) ("A failure to file a timely objection to interrogatories constitutes a waiver of any objection unless good cause is shown."); *see also Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir. 1984) (failure to timely and adequately object to request for production "constitutes a waiver of any objection").

In addition, the Court finds that the Government is entitled to explore Claimant's standing to intervene in this case at the earliest possible juncture. Supplemental Rule G provides that, except in circumstances not applicable here, "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Supp. R. G(6)(a). "The purpose of allowing the government to serve special interrogatories in cases such as this is to identify and insure that a claimant has standing to challenge a forfeiture by demonstrating a valid ownership

interest in the seized property and protect against nominee claimants." *United States v. $34,900 in U.S. Currency*, No. 2:11-CV-490 DAK, 2012 WL 3202955, at *1 (D. Utah July 12, 2012) (quotation marks omitted), *report and recommendation adopted*, No. 2:11-CV-490 DAK, 2012 WL 3202952 (D. Utah Aug. 3, 2012). Claimant's standing is a "threshold issue." *United States v. $43,350.00 in United States Currency*, No. CV 12-410 JP/KBM, 2013 WL 12334009, at *2 (D.N.M. Apr. 5, 2013). "As the party seeking to intervene in an in rem forfeiture action, a claimant bears the burden of establishing his own constitutional standing at all stages in the litigation." *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008); *see* Supp. R. G(8)(c)(i)(A) ("At any time before trial, the government may move to strike a claim or answer . . . because the claimant lacks standing."). For these reasons, the Court will deny Claimant's request for a stay of discovery pending resolution of his motion to suppress.

Further, because Claimant has waived any objection to the Government's special interrogatories, but the Government has failed to file a motion to compel him to answer them, the Court will allow Claimant twenty-one (21) days from entry of this Order to answer the special interrogatories in full. *See* Supp. R. G(6)(b).

Finally, the Court will order the parties to confer with one another and submit a proposed discovery plan within twenty-one (21) days of entry of this Order.

IT IS THEREFORE ORDERED as follows:

1. Claimant's Request for Stay of Discovery (Doc. 17) is DENIED;

2. Claimant must answer the Government's First Set of Special Interrogatories in full within twenty-one (21) days of entry of this Order; and,

3. The parties, through counsel, are to confer and jointly submit a proposed discovery plan to khalsaproposedtext@nmd.uscourts.gov within twenty-one (21) days of entry of this Order.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
United States Magistrate Judge